UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:19-cr-60198-UU-1

UNITED STATES OF AMERICA

v.

JERMAINE WILLIAMS,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court on Defendant's Motion to Suppress Evidence and Statements (D.E. 19) (the "Motion").

The Court has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

This matter was referred to Magistrate Judge Patrick M. Hunt, who, on January 31, 2020, following an evidentiary hearing, issued a report (the "Report") (D.E. 32) recommending that the Motion be DENIED because: (1) officers had probable cause to search the vehicle when they were patrolling in a high-crime area, received a detailed tip from a confidential source, corroborated that tip by observing Defendant engage in a hand-to-hand drug transaction with a known narcotics user, smelled marijuana emanating from Defendant's person and vehicle, observed the vehicle's heavily tinted windows, and witnessed Defendant's evasive behavior; and (2) the detectives' statements were not reasonably likely to elicit incriminating responses.

Defendant filed objections to the Report. D.E. 34. First, Defendant argues that the Report errs in finding that the smell of marijuana established probable cause because only one of the three officers, Detective Brown, testified that he smelled marijuana. *Id.* at 5. Further, Defendant

contends, based on the body-worn camera (BWC) footage of another officer, Detective Zamora, Detective Zamora was already searching the car for 37 seconds when Detective Brown approached the car and said he smelled marijuana. *Id.* But the objection fails to acknowledge that the officers testified that they smelled "burnt marijuana" emanating from Defendant's person prior to the search of his vehicle. Tr. at 46: 5–7. Further, the marijuana smell was one factor that the Magistrate Judge concluded was part of the totality of the circumstances establishing probable cause. The objection is overruled.

Second, Defendant objects to the Report's reliance on traffic stop cases in support of its position that police officers were justified in searching the vehicle because the vehicle's windows were tinted. D.E. 34 at 6. Defendant maintains that the cases are inapposite because the officers knew no one else was in the car. *Id.* at 7. The objection is sufficiently addressed by the Report. D.E. 32 at 10. Moreover, the tinted windows were but one factor the Magistrate Judge found to justify the search of the car.

Third, Defendant objects to the Report's finding that the search of the car was justified under the search incident to arrest exception to the warrant requirement. D.E. 34 at 8. Defendant contends that "at the point the car was searched, Mr. Williams was not under lawful arrest for any crime." *Id.* at 9. The Government responds that the search of the vehicle was justified under *Arizona v. Gant*, 556 U.S. 332, 346 (2009) (holding that the search incident to arrest exception in the vehicle context can apply when "it is reasonable to believe the vehicle contains evidence of the offense of arrest"). D.E. 36 at 4–5. The Government argues that because officers had probable cause to arrest the defendant for selling drugs and had reason to believe that evidence of the defendant's drug crime would be located in in his car, the search incident to arrest exception

applies. *Id.* The Government does not respond to the assertion that Defendant was not under arrest at the time his vehicle was searched.

The Report concludes that probable cause existed (D.E. 32 at 11) and makes passing references to both the automobile exception (*id.* at 9) and the search incident to arrest exception (*id.* at 10). With respect to the search incident to arrest exception, the Report states:

> Significantly, the detectives in this case not only detected the smell of marijuana as they approached the Buick, they had observed what they believed, based on their observations and experience, to be a hand-to-hand drug deal. Although at the time the Buick was searched Defendant was being questioned and did not have access to the car, "circumstances unique to the vehicle context justify a **search incident to a lawful arrest** when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Arizona v. Gant*, 556 U.S. 332, 343 (2009) (internal citation omitted).[1]

D.E. 32 at 10 (emphasis added).

In *Gant*, the Supreme Court authorized vehicle searches "incident to a recent occupant's arrest" in two situations: "if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. at 351 (holding that the search incident to arrest exception did not apply because it was not reasonable to believe the vehicle contained evidence of the offense of arrest—driving with a suspended license—and because the defendant was not within reaching distance since he was handcuffed in the back of a patrol car during the search).

The Supreme Court has held that where the search of the *person* is followed quickly by a formal arrest supported by probable cause, it is not "particularly important that the search preceded the arrest than vice versa." *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) (citing *Bailey v. United*

---

[1] "**It is not clear exactly when Defendant's detention became an arrest**. But based upon the totality of the circumstances, the detectives had probable cause to arrest Williams for the sale of marijuana. Although he was charged in state court with possession, not sale, Detective Brown testified that the packaging and the detective's observation were also consistent with a felony charge of sale of marijuana." D.E. 32 at 11 n.3 (emphasis added).

3

*States*, 389 F.3d 305, 308 (D.C. Cir. 1967)); *see also United States v. Goddard*, 312 F.3d 1360, 1364 (11th Cir. 2002) (search incident to arrest exception applied to the pre-arrest search of defendant's person because "'where the formal arrest follows quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa'") (quoting *Rawlings*, 448 U.S. at 111); *United States v. Freeman*, 591 F. App'x 855, 861 (11th Cir. 2014). However, the Court is unaware of binding precedent extending *Rawlings*'s rationale to pre-arrest searches in the vehicle context.

According to the Magistrate Judge, the evidence was not "clear exactly" whether Defendant was under arrest or being detained pending investigation when the officers searched the vehicle. D.E. 32 at 10 n.3. The vehicle search and cuffing of Defendant happened "almost simultaneously." Tr. at 94:5. Officer Viera handcuffed Defendant "to detain him" and had Defendant sit on the hood of the car. Tr. at 82:15; D.E. 30-1 at 2–4. At the time of the search, although Defendant was handcuffed, he was not Mirandized, was not secured in a patrol car, and was not otherwise placed under formal arrest. *Compare Gant*, 556 U.S. at 337 (search of defendant's vehicle occurred after he was placed under arrest, handcuffed, and locked in the back of a patrol car). Thus, the undersigned agrees that the Government failed to establish that Defendant had been placed under arrest at the time of the vehicle search. While a pre-arrest search of Defendant's person would be appropriate under *Rawlings*, the pre-arrest search of Defendant's vehicle does not appear to be justified under the search incident to arrest exception.

As a consequence, the Court sustains the objection and rejects the Report's finding that the search incident to arrest exception justified the search of the vehicle. But because there was

4

probable cause to search the vehicle and the vehicle was readily mobile,[2] the automobile exception applies and the evidence will not be suppressed. *See, e.g.*, *United States v. Delva*, 922 F.3d 1228, 1243 (11th Cir. 2019) (affirming district court's denial of motion to suppress evidence found during a warrantless search of a vehicle because agents were entitled to search the vehicle under the automobile exception where the vehicle was readily mobile there was a fair probability that the vehicle contained contraband and evidence of a crime, and agents saw the defendants place boxes in the vehicle that were suspected to contain stolen goods); *United States v. Lanzon*, 39 F.3d 1293, 1300 (11th Cir. 2011) (holding that the warrantless search of defendant's truck fell under the automobile exception because the vehicle was readily mobile and there was a fair probability that evidence of the crime would be found in truck because the totality of the circumstances established probable cause to believe that defendant intended to have sex with a minor); *United States v. Rivera*, 595 F.2d 1095, 1099 (5th Cir. 1979) ("It is well settled that detection of the odor of marijuana furnishes probable cause to search a vehicle."); *United States v. Williams*, 731 F. App'x 863, 867 (11th Cir. 2018) (holding that the warrantless search of defendant's vehicle was justified under the automobile exception where officers smelled of marijuana emanating from defendant's car and observed defendant's furtive movements).

Fourth, Defendant objects to the Report's finding that Defendant's statements were not made in response to custodial interrogation. D.E. 34 at 9. The Court agrees with the Report's conclusion, D.E. 32 at 11–13, but will add to the discussion.

The first statements Defendant seeks to suppress came after police discovered the car keys in his pocket after Defendant denied being in the car and were not in response to questions that

---

[2] The parties do not call into question the vehicle's mobility, which is clear from the fact that the officers testified that they saw Defendant driving in the vehicle just before the arrest and found the car keys in his pocket.

5

were likely to elicit an incriminating response. D.E. 30-1 at 3–4.[3] Detectives then allowed Defendant to call his girlfriend, and any statements to his girlfriend[4] that were uttered in the presence of law enforcement were not made in response to any questions from the officers. D.E. 30-1 at 8. *See Arizona v. Mauro*, 481 U.S. 520, 529 (1987) (holding that no interrogation occurred when officers were merely silent third parties to a conversation between the accused and his wife).

The Report neglects to include that the detectives then proceeded to ask Defendant whether he was on probation, which Defendant argues led him to make incriminating statements. D.E. 19 at 5.

>  VIEIRA: You on probation or anything?
>  WILLIAMS: (Inaudible.)

---

[3] The Government's Exhibit 1, transcript of the BWC footage, provides:
>  DETECTIVE: We watched you when we came by and we watched you get out.
>  WILLIAMS: Sir, I promise you I didn't get out this car.
>  . . .
>  WILLIAMS: I'm telling you, I didn't get out the car.
>  VIEIRA: Come on, bro, you got the keys to it in your pocket. Try again. This ain't our first day. You can lie all you want, right? Lies just going to make it worse. We know what we saw. You got the keys in your pocket. It's not the end of the world, but when you lie it makes matters worst.
>  WILLIAMS: **It's the end of the world, I know it is.**
>  VIEIRA: Why is it the end of the world?
>  WILLIAMS: **I know, I'm dead.**
>  VIEIRA: You're dead? No, you're not dead, you're still alive. You'll have your day in court just like everybody else. Innocent until proven guilty, right?
>  WILLIAMS: Call my girl, let her come on scene, please.

D.E. 30-1 at 3–5 (emphasis added).

[4] Defendant's phone call with his girlfriend was captured on BWC footage:
>  FEMALE: Hello.
>  WILLIAMS: Babe.
>  FEMALE: Yeah.
>  WILLIAMS: **I done fucked up**, man. Just come out here, man. **They got me.**
>  FEMALE: Who?
>  WILLIAMS: The Raiders. They let me use the phone one more time. I'm sorry, brah. I'm sorry. I love ya. **I done fucked up**, brah.
>  FEMALE: Where the keys at?
>  WILLIAMS: They got them right here. Just come out here, man. Just be reasonable with them.
>  FEMALE: I'm coming right now.

D.E. 30-1 at 8 (emphasis added).

> VIEIRA: What are you on probation for?
> WILLIAMS: What you all found in the car.
> VIEIRA: Yeah?
> BROWN: You going to take him back?
> VIEIRA: Oh, he's -- he just asked, you know if he could say -- say goodbye to his girl real quick.
> WILLIAMS: Appreciate it, man. I don't fucked up (indiscernible).
> VIEIRA: And he says he's on probation, he's got a bad history, so he's probably going to be in for a while, so --
> BROWN: What are you on probation for?
> VIEIRA: Same thing.
> WILLIAMS: What you all found in the car, man. No use in lying no more, keep doing shit like that, you know what I'm saying? I mean who gonna tell on theirselves, sir? I ain't into all that trying to run and -- **you caught me red-handed, you caught me. It was my fault.** God damn.
> VIEIRA: You treat us with respect, we treat you with respect. Just let it take its course, all right? You'll have your day in court.

D.E. 30-1 at 9–10 (emphasis added). The Court is not convinced that asking a detainee whether he is on probation is reasonably likely to elicit an incriminating response for the arrest offense. Defendant spontaneously offered that he was "caught red-handed." *See Cannady v. Dugger*, 931 F.2d 752, 754 (11th Cir. 1991) (defendant's admission that he did not intend to kill the victim, made after the investigator asked him about his whereabouts the night of, was spontaneous and not in response to interrogation). Moreover, Defendant's statement was unresponsive to the detectives' question. *See United States v. Castro*, 723 F.2d 1527, 1530-32 (11th Cir. 1984) (the defendant's statement "you want money? We got money" was unresponsive to the officer's question, "What in the world is going on here?"; thus, the voluntary, unresponsive statement was outside the scope of *Miranda*); *id.* at 1530 (the statement "was not improperly compelled by the officer's question . . . but, on the contrary, was spontaneously volunteered by [the defendant]").

Upon *de novo* review of the Motion, Report, Objections, and response to the Objections, the undersigned agrees with Magistrate Judge Hunt's recommendation in all respects, except that the search incident to arrest exception does not apply. Accordingly, it is hereby

7

ORDERED AND ADJUDGED that the Motion, D.E. 19, is DENIED. It is further

ORDERED AND ADJUDGED that the Report, D.E. 32, is ADOPTED, RATIFIED, AND AFFIRMED IN PART consistent with this Order. It is further

ORDERED AND ADJUDGED that the Objections, D.E. 34, are OVERRULED IN PART consistent with this order.

DONE AND ORDERED in Chambers at Miami, Florida, this _4th_ day of March, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:

Magistrate Judge Hunt
Counsel of record via CM/ECF