UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60198-CR-UNGARO/HUNT(S)

UNITED STATES OF AMERICA,

vs.

JERMAINE WILLIAMS,

DEFENDANT.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and JERMAINE WILLIAMS ("Defendant") enter into the following agreement:

1. Defendant agrees to plead guilty to Count 2 of this Superseding Indictment. Count 2 charges Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18 United States Code, Section 924(c)(1)(A).

2. The United States agrees to dismiss Count 1, which charges the Defendant with Possession of a Firearm by a Convicted Felon, in violation of Title 18 United States Code, Section 922(g)(1) and 924(e)(1).

3. Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (the "Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the



advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory range. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      Defendant also understands and acknowledges that, as to Count 2, the Court may impose a statutory maximum term of up to life in prison, followed by a term of up to 5 years' of supervised release. Defendant also understands and acknowledges that, as to Count 2, the Court must impose a statutory mandatory minimum of 5 years' imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

5.      Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment will be imposed on the Defendant in the amount of $100 upon conviction of Count 2. Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Defendant and Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office and the Defendant agree that, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. That the guideline offense level under Section 4B1.1(c)(3) of the Sentencing Guidelines is 262-327 including a 3-level reduction.

    b. That the United States and Defendant will both recommend that the Court sentence the defendant to 120 months' imprisonment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the Sentencing Guidelines level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The defendant understands and acknowledges that the Court

is under no obligation to impose a sentence that is below the advisory guidelines range. This Office, however, will not be required to make this motion and these recommendations if Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. Defendant is aware that the sentence has not yet been determined by the Court. Defendant also is aware that any estimate of the probable sentencing range or sentence that Defendant may receive, whether that estimate comes from Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by Defendant, this Office, or a recommendation made jointly by Defendant and this Office.

10. Defendant agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any personal property used or intended to be used in the commission of the offense, in violation of 18 U.S.C. § 924; and any property constituting, or derived from, proceeds Defendant obtained directly or indirectly, as the result of such violation(s), pursuant to 18 U.S.C. §§ 924(d)(1). Defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of

excessive fine or penalty with respect to any forfeited property. In addition, Defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings brought against any forfeited property. Defendant also agrees to waive any appeal of the forfeiture.

11. Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

12. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291.

However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.

13. This is the entire agreement and understanding between this Office and Defendant. There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 09/21/2020        By: /s/ Scott R. Strauss
                            SCOTT R. STRAUSS
                            ASSISTANT UNITED STATES ATTORNEY

Date: 9/21/2020         By: _____
                            CARTER HILLSTROM
                            ATTORNEY FOR DEFENDANT

Date: 9/17/20           By: _____
                            JERMAINE WILLIAMS
                            DEFENDANT