UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMAINE WILLIAMS,

    Defendant.

CASE NO.:   19-CR-60198-UNGARO

**DEFENDANT'S SENTENCING MEMORANDUM**

    **COMES NOW** the Defendant, JERMAINE WILLIAMS, by and through the undersigned counsel, and submits the instant sentencing memorandum in connection with his Sentencing on December 17, 2020.

    1)   The Defendant has pleaded guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime. With a criminal history including two convictions — in 2008 and 2017 — for drug offenses, he is a career offender. His guideline imprisonment range is 262-327 months. Pursuant to a plea agreement, <u>the parties jointly recommend a sentence of 120 months imprisonment</u>.

    2)   In October 2018, a tip from a reliable source instructed Broward Sheriff's Office detectives that the Defendant was a regularly-armed, street-level cocaine dealer. After witnessing the Defendant make a hand-to-hand drug deal with a neighborhood miscreant, detectives swarmed the Defendant. In plain view within the Defendant's car — a 1998 Buick owned by his mother — were heroin, crack cocaine, cannabis, currency, and a loaded pistol.

    3)   While detained, the Defendant was allowed to place a phone call to a loved one. With detectives standing beside him and recording from body-worn cameras, the Defendant explained "he messed up bad" and was "caught with the stuff."

    4)   The Defendant was arrested and charged in state court with Possession of a Firearm by a Convicted Felon, and several drug offenses. The Broward State Attorney filed an information charging the Defendant with only drug offenses: Possession of Heroin with Intent, Possession of Cocaine, Possession of Substituted Cathinones, and Possession of Cannabis.

5) On January 16, 2019, the Defendant pleaded no contest to the state charges, was adjudicated guilty, and was sentenced to five years probation. And because he was on state probation at the time, in a separate proceeding he also admitted committing the offenses in violation of his probation terms.

6) Roughly six months later, the U.S. Attorney indicted the Defendant, charging him with Possession of a Firearm and Ammunition by a Convicted Felon. The Defendant was then in custody for again violating his state probation, and was transferred to federal custody to answer the indictment.

7) On February 20, 2020, more than 16 months after the offense, a superseding indictment was returned, adding a charge of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, the count before this Court for sentencing.

8) The Defendant's criminal history consists of felony drug offenses, and misdemeanors. His only prison sentence came in state court more than 12 years ago, when the 21-year-old Defendant received a mandatory minimum three-year sentence for Delivery of Cocaine within 1000 Feet of a Public Housing Facility. Subsequent sanctions were all short jail terms, or probation sentences.

### THE SENTENCING FACTORS UNDER 18 U.S.C. § 3553

9) The guideline range, which in this case is well above the parties' joint recommendation, is not presumed to be reasonable, but just one of the many factors to be weighed when fashioning a sentence sufficient to satisfy the purposes set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007).

10) Under *Gall*, the advisory guidelines range is not to be given any particular weight in this Court's determination of an appropriate sentence. *United States v. Irey*, 612 F. 3d 1160, 1217 (11th Cir. 2010). This Court must conduct its own evaluation of the § 3553(a) factors and may reject the advisory guideline sentence. *Kimbrough v. United States*, 552 U.S. 85, 113 (2007).

11) Pursuant to 18 U.S.C. § 3553(a), this Court should consider a number of factors when determining a sentence that is sufficient, but not greater than necessary, to accomplish the goals of sentencing. These factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense and to afford adequate deterrence; the kinds of sentences available; the sentencing range determined by the guidelines calculation; the need to avoid unwarranted sentence disparities among defendants; and the need to provide restitution. Some of these factors, as they apply to Mr. Telsaint, are discussed below.

### Nature and Circumstances of the Offense

12) The Defendant was a small-time street-level drug dealer driving his mother's 1998 Buick. Minutes after his arrest on state charges, he confessed his wrongdoing in front of B.S.O. detectives. Eventually, through <u>three</u> separate pleas in state and federal court, he has admitted to his criminal acts.

13) The Defendant was punished in state court for his commission of drug offenses. Admittedly, he was given a huge break by the Broward State Attorney, who agreed to offer him a probation sentence. The Defendant's attorney in state court advises that the favorable plea was negotiated because the Broward State Attorney had concerns about detectives' initial detention of the Defendant.[1]

14) The Defendant has been eager to amicably resolve his cases. His unfortunate classification as a career offender initially made it difficult to work anything out. After several conferences between the lawyers, the parties were able to find common ground within the unusual procedure of this case. It's unusual, but not unheard of, for a defendant to appear before a federal judge for crimes to which he has already admitted in state court. The parties agree that the jointly recommended 120-month sanction is just and proper, considering the unique nature and circumstances of the Defendant's criminal activity.

---

[1] Through prior counsel, the Defendant moved to suppress evidence, alleging the detention was unlawful. [D.E. 19]. The motion was unsuccessful. [D.E. 33].

### History and Characteristics of the Defendant

15) The Defendant suffers from a history of mental health issues, that were treated at Henderson Behavioral Health Center throughout his childhood, and as recently as 2017. He also has a history of drug abuse, including use of marijuana, bath salts, and methylone.

16) The Defendant is remorseful for his actions, and regrets that his drug dealing led him to drop out of high school, leaving behind a promising football career. As noted herein, he has <u>three times</u> admitted to the misconduct for which he is to be sentenced by this Court.

17) The Defendant's criminal history has largely been sanctioned with probation and jail sentences in state court. Only a 2008 drug conviction led to a prison sentence, yet his prior sentences — numerous and mild — classify him as a career offender. It is a big jump from probation to a decade in federal prison, yet the parties agree that the 120-month term in the plea agreement is the appropriate result.

### The Need for the Sentence to Reflect the Seriousness of the Offense and to Afford Adequate Deterrence

18) The instant offense is the Defendant's first involving a firearm. There was no indication the Defendant had used, was using, or was about to use the firearm. Yet the Defendant recognizes the mixture of guns and drugs make this a serious offense.

19) The amount of drugs was not great. In fact, in state court, none of the drug offenses met the threshold for drug trafficking, which allowed the Broward State Attorney to offer the Defendant probation.

20) Were the Defendant not a career offender, his guideline sentence would be the five-year minimum-mandatory sentence for violating 18 U.S.C. § 924(c)(1)(A)(i). *See* 2019 U.S.S.G. § 2K2.4(a). But he <u>is</u> a career offender, which launches his guidelines north of 21 years imprisonment. A sentence of 262-327 months is excessive considering the facts of this case.

21) Ten years is a long time. The Defendant's decade-long removal from society, which the parties jointly implore this Court to order, is more than adequate to reflect the seriousness of his criminal conduct, and to deter similarly situated defendants from committing such acts in the future.

### Prayer for Relief

22) The Defendant stands humbly before this Court, praying for it to impose the lengthy **120-month imprisonment** to which the parties agree, to be followed by supervised release.

23) The Defendant further prays that this Court order him to undergo inmate substance abuse treatment through the RDAP program, to address his longstanding substance abuse issues.

24) Finally, the Defendant prays for the Court to recommend the Defendant be imprisoned within the Southern District of Florida.

Respectfully submitted,

*/s/ Carter T. Hillstrom*
CARTER T. HILLSTROM
Attorney for the Defendant
Florida Bar # 26211
612 SE 5th Ave., Suite 4
Fort Lauderdale, FL 33301
(954) 667-9267
(954) 462-7237 FAX
carter@carterhillstrom.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by the CM/ECF system on December 15, 2020, on all counsel or parties of record on the Service List below.

*/s/ Carter T. Hillstrom*
CARTER T. HILLSTROM

SERVICE LIST:
Ajay Alexander
United States Attorney's Office
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
(954) 660-5778
ajay.alexander@usdoj.gov
Attorney for Plaintiff, United States of America